UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    'O'

| Case No. | 5:14-cv-01983-CAS(VBK) | Date | January 12, 2015 |
|---|---|---|---|
| Title | DAVID ALLAN DORTCH, ET AL. v. MARKELLUS REID, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Melody Kramer | Allen Christiansen |
| | Paul Burkhart |

**Proceedings:**    MOTION TO STAY PENDING OUTCOME OF STATE
CRIMINAL PROCEEDINGS (ECF No. 19, filed November 21,
2014), MOTION TO DISMISS (ECF No. 20, filed November 21,
2014), MOTION TO DISMISS (ECF No. 24, filed December 10,
2014), MOTION FOR SANCTIONS FOR VIOLATION OF FRCP
RULE 11 (ECF No. 29, filed December 15, 2014)

## I.    INTRODUCTION

This case arises out of alleged civil rights violations by law enforcement officers in
Murrieta, California.  On September 26, 2014, plaintiffs David Alan Dortch ("Dortch"),
David A. Dortch, O.D., A California Professional Optometric Corporation dba Spectrum
Vision Center ("Spectrum"), Kimberly Dawn Dortch, Maycie Dortch, and Z.D., a minor
by his parents/guardians David and Kim Dortch (collectively, the "Dortches"), filed a
complaint against Markellus Reid, Murrieta Police Department ("MPD"), City of
Murrieta (the "City"), Brendan Carney (collectively, the "Murrieta defendants"), and
Does 1 through 100.  See ECF No. 2.

On November 12, 2014, the Murrieta defendants filed a motion to dismiss and
strike punitive damages or, in the alternative, to stay pending the outcome of state
criminal proceedings.  ECF No. 13.  Two days later, the Dortches timely filed a First
Amended Complaint (the "FAC"), rendering the motion moot.  See ECF Nos. 16, 17.
The FAC added Riverside County District Attorney Paul Zellerbach as a defendant.

On November 21, 2014, the Murrieta defendants filed a second motion to stay and
another motion to dismiss and strike punitive damages.  See ECF Nos. 19, 20.  On

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 5:14-cv-01983-CAS(VBK) | Date | January 12, 2015 |
|----------|------------------------|------|------------------|
| Title | DAVID ALLAN DORTCH, ET AL. v. MARKELLUS REID, ET AL. | | |

November 26, 2014, the Dortches filed a <u>Corrected</u> First Amended Complaint.  ECF No. 22.  On December 10, 2014, Zellerbach filed a motion to dismiss.  ECF No. 24.  On December 15, 2014, the Murrieta defendants filed a motion for sanctions pursuant to Rule 11.  ECF No. 29.

On December 22, 2014, the Dortches filed oppositions to the four outstanding motions.  ECF Nos. 33-36.  On December 24, 2014, the Murrieta defendants filed reply briefs in support of their three motions.  ECF Nos. 38-40.  On December 29, 2014, Zellerbach filed a reply brief in support of his motion to dismiss.  ECF No. 41.  On January 12, 2015, the Court held a hearing on the aforementioned motions.  After considering the parties' arguments, the Court finds and concludes as follows.

## II.   FACTUAL BACKGROUND

### A.   Factual Allegations

The Dortches allege that on or about March 14, 2013, Z.D., a minor, was arrested and interrogated by officers of the MPD, outside the presence of his parents and without access to a lawyer.  FAC ¶ 22.  The Dortches aver that statements unlawfully obtained from the interrogation of Z.D. were subsequently used as the basis for Carney to obtain a search warrant to search the Dortches home.  <u>Id.</u> ¶ 23.  On April 20, 2013, Carney and other law enforcement officers entered the Dortches' home in Murrieta, California, and conducted a search lasting approximately 7.5 hours.  <u>Id.</u> ¶¶ 24-25.  During the search, Dortch, two of the Dortches' minor children, 17-year-old Maycie and 12-year-old Z.D., as well as a third party were detained and not free to leave the premises.  <u>Id.</u> ¶ 25.  For a majority of the time the search was ongoing, Dortch was handcuffed to a chair.  <u>Id.</u>

The Dortches allege that during the April 20, 2013 search, Dortch was questioned under false pretenses and without received <u>Miranda</u> warnings and Z.D. was re-arrested for the same crime he had been arrested for a month earlier.  <u>Id.</u> ¶¶ 26-27.  The Dortches allege that Carney prepared multiple incident reports relating to the April 20, 2013 search which contain materially false and misleading information about the search.  <u>Id.</u> ¶¶ 29-30.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 5:14-cv-01983-CAS(VBK) | Date | January 12, 2015 |
|----------|------------------------|------|------------------|
| Title | DAVID ALLAN DORTCH, ET AL. v. MARKELLUS REID, ET AL. | | |

On or about May 29, 2013, the Dortches filed a civil lawsuit challenging the propriety of the Murrieta defendants' conduct related to the April 20, 2013 search. Id. ¶ 31.

The Dortches allege that on or about June 12, 2013, defendant Reid sent an e-mail to employees of the City about Dortch and his business, Spectrum, containing false statements about Dortch and falsely claiming that Dortch, his family, and Spectrum posed a safety concern to all City personnel who may be current or future clients. Id. ¶¶ 20, 32.

The Dortches allege that on or about October 23, 2013, Carney prepared a new incident report about the April 20, 2013 search. Id. ¶ 33. The second report differed from the first in some material respects, including the identification of the officers who conducted the search. Id. On November 1, 2013, Carney arrested Dortch outside City limits without a warrant. Id. ¶ 34. Dortch was arrested under a charge of felony manufacture of a controlled substance–dimethyltryptamine or DMT–in violation of California Health & Safety Code § 11379.6(a). Id. ¶ 35. Upon his arrest, Dortch refused to be subjected to a DNA test, for which he was charged with a second criminal offense. Id. ¶ 36. Dortch was also charged with a third offense of child endangerment apparently because the charged manufacturing of a controlled substance occurred in the Dortches' home. Id. ¶ 37.

The Dortches allege that, even though the Riverside County District Attorney's Office had declined to prosecute Dortch, defendant Carney and MPD continued to push for prosecution. Id. ¶ 42. The Dortches further aver that on at least two occasions the Riverside County District Attorney's Office, in connection with discussions of a plea deal in the criminal case against Dortch, tried to convince Dortch to dismiss the civil lawsuit he and his family filed on May 29, 2013. Id. ¶ 43.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 5:14-cv-01983-CAS(VBK) | Date | January 12, 2015 |
|---|---|---|---|
| Title | DAVID ALLAN DORTCH, ET AL. v. MARKELLUS REID, ET AL. | | |

**B.      Procedural History[1]**

The underlying facts spawned multiple proceedings, including the present federal action.  The Court briefly summarizes the chronology of those proceedings.

On May 29, 2013, the Dortches filed a civil lawsuit in Riverside County Superior Court challenging the propriety of the Murrieta defendants' conduct related to the April 20, 2013 search.  Id. ¶ 31.  The Dortches were not represented by counsel in that action.  In early 2014, that action was transferred to Orange County Superior Court.  On April 7, 2014, upon the Dortches' request, the first state court civil action was dismissed without prejudice.

On January 9, 2014, the criminal complaint was filed against Dortch in Riverside County Superior Court.

On June 11, 2014, the Dortches filed a second civil lawsuit in Riverside County Superior Court.  In this second civil action, the Dortches were represented by counsel.  On August 11, 2014, the Dortches filed a First Amended Complaint in the second civil action.  At the hearing on the four pending motions, the Dortches' counsel represented that the second civil action was recently dismissed.

_____

[1]The Court grants the parties' respective requests to take judicial notice of the criminal case report for Riverside County Superior Court Case No. SWF1400013 (see ECF No. 19-2, Ex. A; ECF No. 36-4, Ex. C) and the Dortches' request to take judicial notice of the civil case report for Riverside County Superior Court Case No. RIC1306310 (see ECF No. 36-4, Ex. B).  See Fed. R. Evid. 201(b)(2).  The Court also takes judicial notice of: the register of actions in Orange County Superior Court Case No. RIC1306310; the civil case report in Riverside County Superior Court Case No. MCC1400876; and the First Amended Complaint filed in Riverside County Superior Court Case No. MCC1400876.  See id.  All of the facts judicially noticed are publicly available on the website of either the Riverside County Superior Court (http://www.riverside.courts.ca.gov/publicaccess.shtml) or the Orange County Superior Court (http://www.occourts.org/online-services/case-access/).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 5:14-cv-01983-CAS(VBK) | Date | January 12, 2015 |
| --- | --- | --- | --- |
| Title | DAVID ALLAN DORTCH, ET AL. v. MARKELLUS REID, ET AL. | | |

On September 26, 2014, the Dortches filed the present action. The FAC asserts eight claims for money damages: (1) excessive force based on the arrests of Z.D. (42 U.S.C. § 1983); (2) unreasonable search and seizure (42 U.S.C. § 1983); (3) false arrest based on the April 20, 2013 search (42 U.S.C. § 1983); (4) failure to intervene (42 U.S.C. § 1983); (5) false arrest based on the November 1, 2013 arrest of Dortch (42 U.S.C. § 1983); (6) retaliation for exercising first amendment rights of free speech (42 U.S.C. § 1983); (7) interference with prospective economic advantage; and (8) intentional infliction of emotional distress. In the ninth claim, Dortch seeks a declaration that the statute under which he is being criminally prosecuted, California Health & Safety Code §§ 11377, 11379.6, is unconstitutional.

## III.   LEGAL STANDARD

### A.   Motion to Stay

Pursuant to <u>Younger v. Harris</u>, 401 U.S. 37 (1971) and its progeny, federal courts are prohibited from granting relief that interferes with certain pending state proceedings. Under this doctrine, a federal court must abstain if four requirements are met: (1) state court proceedings are pending when the federal action is filed; (2) the state proceedings implicate important state interests; (3) the state proceedings provide an adequate opportunity to raise the federal claims; and (4) the policies behind <u>Younger</u> are implicated by the actions requested of the federal court. <u>Gilbertson v. Albright</u>, 381 F.3d 965, 968 (9th Cir. 2004) (<u>en banc</u>); <u>AmerisourceBergen Corp. v. Roden</u>, 495 F.3d 1143, 1149 (9th Cir. 2007).

A district court has discretionary power to stay proceedings in its own court. <u>See Landis v. North American Co.</u>, 299 U.S. 248, 254 (1936). Accordingly, the court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." <u>Leyva v. Certified Grocers of Cal. Ltd.</u>, 593 F.2d 857, 863 (9th Cir. 1979). However, case management concerns alone are not necessarily a sufficient ground to stay proceedings. <u>See Dependable Highway Express v. Navigators Ins. Co.</u>, 498 F.3d 1059, 1066 (9th Cir. 2007). "'[I]f there is even a fair possibility that the stay . . . will work damage to someone else,' the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.'" <u>Id.</u> (quoting <u>Landis</u>, 299 U.S. at 255).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 5:14-cv-01983-CAS(VBK) | Date | January 12, 2015 |
|---|---|---|---|
| Title | DAVID ALLAN DORTCH, ET AL. v. MARKELLUS REID, ET AL. | | |

### B.   Motion to Dismiss

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief .") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 5:14-cv-01983-CAS(VBK) | Date | January 12, 2015 |
|----------|------------------------|------|------------------|
| Title | DAVID ALLAN DORTCH, ET AL. v. MARKELLUS REID, ET AL. | | |

Evidence 201. <u>In re Silicon Graphics Inc. Sec. Litig.</u>, 183 F.3d 970, 986 (9th Cir. 1999); <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). <u>United States v. City of Redwood City</u>, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." <u>Schreiber Distrib. Co. v. Serv-Well Furniture Co.</u>, 806 F.2d 1393, 1401 (9th Cir. 1986); <u>see</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000).

### C.     Motion for Sanctions

Under Fed. R. Civ. P. 11, a court may impose sanctions upon attorneys or unrepresented parties for submitting papers to a court that are frivolous, legally unreasonable, baseless, or filed for an improper purpose, such as harassment. <u>Simpson v. Lear Astronics Corp.</u>, 77 F.3d 1170, 1177 (9th Cir. 1996). All pleadings and other motions filed with a court must be signed by an attorney or the unrepresented party, certifying that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances": (1) the paper is not presented for an improper purpose; (2) the claims have a valid legal basis; and (3) there is factual support for the allegations. Fed. R. Civ. P. 11(b).

The imposition of Rule 11 sanctions is a matter within the discretion of the trial court. Fed. R. Civ. P. 11(c). "The court has significant discretion in determining what sanctions, if any, should be imposed for a violation . . . ." Committee Notes on Amendments to Federal Rules of Civil Procedure, 146 F.R.D. 401, 587 (1993). Any Rule 11 sanctions "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 5:14-cv-01983-CAS(VBK) | Date | January 12, 2015 |
|----------|------------------------|------|-------------------|
| Title | DAVID ALLAN DORTCH, ET AL. v. MARKELLUS REID, ET AL. | | |

## IV.   ANALYSIS

### A.   The Murrieta Defendants' Motion to Stay

#### 1.   Abstention as to Dortch's Claims Under <u>Younger</u>

Both the Murrieta defendants and Zellerbach argue that the Court should stay this action pending the resolution of the state criminal proceeding against Dortch.  In <u>Younger</u>, the Supreme Court held that a federal court could not enjoin an ongoing state criminal proceeding.  The doctrine has been extended beyond just claims for injunctive relief.  In <u>Gilbertson</u>, the Ninth Circuit held that, provided the elements for <u>Younger</u> abstention are present, the doctrine applies "in an action for damages pursuant to 42 U.S.C. § 1983 in which the federal plaintiff brings a constitutional challenge to a state proceeding."  <u>Gilbertson</u>, 495 F.3d at 984.  The court reasoned that an award of damages in such a case "would have the same practical effect as a declaration or injunction on pending state proceedings."  <u>Id.</u> at 968; <u>see also</u> <u>Gakuba v. O'Brien</u>, 711 F.3d 751, 753 (7th Cir. 2013) (holding <u>Younger</u> abstention applied to plaintiff's claims under 42 U.S.C. § 1983 for damages resulting from illegal searches, seizures, and detentions because the claims "involve constitutional issues that may be litigated during the course of his criminal case").

All of the elements of <u>Younger</u> abstention are established in this case as to Dortch's five claims under 42 U.S.C. § 1983 and his constitutional challenge to the California criminal statute.  First, the criminal proceeding against Dortch was pending before the Dortches filed the federal action.  The Dortches contend that the first element is not met because they filed their first state civil action before the criminal proceedings began.  This argument misconstrues the applicable standard.  "The critical date for purposes of deciding whether abstention principles apply is the date the <u>federal</u> action is filed."  <u>Gilbertson</u>, 381 F.3d at 969 n.4 (emphasis added).  Second, criminal proceedings implicate important state interests.  <u>See</u> <u>Younger</u>, 401 U.S. at 43-44.  Third, Dortch has an adequate opportunity in the state criminal proceeding to raise his federal claims, including his unreasonable search and seizure claim, his two unlawful arrest claims, and his challenge to the constitutionality of the criminal statute under which he is being prosecuted.  Fourth, the relief Dortch seeks in the present action implicates the policies behind <u>Younger</u>.  For example, a ruling that the search of Dortch's home was unlawful would have the same practical effect as a declaration or injunction, which is precisely the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 5:14-cv-01983-CAS(VBK) | Date | January 12, 2015 |
|----------|------------------------|------|------------------|
| Title | DAVID ALLAN DORTCH, ET AL. v. MARKELLUS REID, ET AL. | | |

result prohibited by <u>Younger</u>. Therefore, unless an exception applies, the <u>Younger</u> doctrine mandates that this Court abstain from adjudicating Dortch's claims.

There are a few "extraordinary" exceptions to <u>Younger</u> abstention: (1) where the state prosecution or proceedings are being undertaken in bad faith or for the purpose of harassment, <u>Younger</u>, 401 U.S. at 53-54; (2) where the state law involved is "flagrantly and patently" unconstitutional under any application of law, <u>id.</u>; or (3) where the state tribunal is biased against the federal claim, <u>Gibson v. Berryhill</u>, 411 U.S. 564, 577-79 (1973). The Dortches argue that Dortch is being prosecuted in bad faith and in retaliation for the Dortches filing their first lawsuit. Although the Dortches have presented some facts that raise questions about the intentions of the government in prosecuting Dortch, at this stage, the record is not sufficient to support a finding of bad faith. Additionally, the Dortches do not argue, and the Court does not find, that the state law being challenged by the Dortches is flagrantly and patently unconstitutional under any application or that the Riverside County Superior Court is biased against Dortch's federal claims.

When <u>Younger</u> abstention applies, the proper procedure is for the court to dismiss claims for declaratory or injunctive relief, <u>Beltran v. California</u>, 871 F.2d 777, 782 (9th Cir. 1988) ("<u>Younger</u> abstention requires <u>dismissal</u> of the federal action."), and stay claims for damages which are not available in the state proceeding, <u>Gilbertson</u>, 381 F.3d at 968. Accordingly, Dortch's ninth claim seeking a declaration that the criminal statute is unconstitutional is DISMISSED without prejudice. Additionally, the Court must stay Dortch's five claims for money damages under 42 U.S.C. § 1983, namely, the second claim for unreasonable search and seizure, the third claim for false arrest, the fourth claim for failure to intervene, the fifth claim for false arrest, and the sixth claim for retaliation for exercising First Amendment rights.

### 2.    Stay of the Remaining Claims

Having determined that Dortch's claims must be stayed or dismissed under <u>Younger</u>, the Court must determine whether the remaining claims by the other plaintiffs should also be stayed. Under <u>Landis</u>, 299 U.S. at 254, a district court has discretionary power to stay proceedings in its own court. Among the competing interests that must be weighed are "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL          'O'

| Case No. | 5:14-cv-01983-CAS(VBK) | Date | January 12, 2015 |
|----------|------------------------|------|------------------|
| Title | DAVID ALLAN DORTCH, ET AL. v. MARKELLUS REID, ET AL. | | |

proof, and questions of law which could be expected to result from a stay." <u>Lockyer v. Mirant Corp.</u>, 398 F.3d 1098, 1110 (9th Cir. 2005) (internal quotation marks omitted).

Because <u>Younger</u> abstention does not apply unless the federal claimant is a party in the state proceeding, <u>see</u> <u>Benavidez v. Eu</u>, 34 F.3d 825, 832 (9th Cir. 1994), the Dortches argue that the rest of the family should be allowed to proceed with their claims without waiting for the criminal proceeding to conclude. However, the claims of the other family members are based on the same operative facts leading up to Dortch's arrest and criminal charges. For example, in addition to Dortch, his wife, Kimberly, and children, Maycie and Z.D., also claim that the April 20, 2013 search was unreasonable. An adjudication of the other family members' claims also risks interfering with the state criminal case in the manner prohibited by <u>Younger</u>. Moreover, permitting family members to litigate their claims on a piecemeal basis would not promote judicial economy and would create a risk of inconsistent results in the instant case.

Based on the foregoing, the Court finds it appropriate to stay the entire case (other than the Ninth claim for declaratory relief, which is dismissed) until the ongoing state criminal proceeding is resolved.

#### B.     The Murrieta Defendants' and Zellerbach's Motions to Dismiss

Because of the Court's ruling on the motion to stay the case, the motions to dismiss are DENIED as moot.

#### C.     The Murrieta Defendants' Motion for Sanctions

The Murrieta defendants' motion for sanctions is denied without prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**            **'O'**

| Case No. | 5:14-cv-01983-CAS(VBK) | Date | January 12, 2015 |
|----------|------------------------|------|------------------|
| Title | DAVID ALLAN DORTCH, ET AL. v. MARKELLUS REID, ET AL. | | |

## V.    CONCLUSION

The Court GRANTS the Murrieta defendants' motion to stay.  The Dortches'
Ninth claim is dismissed without prejudice.  The remainder of the action is stayed
pending resolution of the state criminal proceeding against Dortch.  The Court DENIES
as moot the defendants' respective motions to dismiss.  The Court DENIES the Murrieta
defendants' motion for sanctions without prejudice.

IT IS SO ORDERED.

|  00  | : |  09  |
|------|---|------|
| | CMJ | |